UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. MJ 11-121 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| SAMOL SOK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

<u>Offense charged</u>:    Conspiracy to Ecstacy

<u>Date of Detention Hearing</u>:    March 25, 2011

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1.    Defendant has been charged with a drug offense the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both

DETENTION ORDER                                                                                                      PAGE 1

dangerousness and flight risk, under 18 U.S.C. §3142(e).

2.      Defendant's criminal history includes numerous prior drug-related charges. He has a chronic multi-substance abuse history. His residential history is somewhat unstable and is not employed. He is a native of Thailand and is a permanent resident of the United States.

3.      Defendant poses a risk of nonappearance due to chronic illegal controlled substance use, unemployment, and possible adverse immigration consequences if convicted. He poses a risk of danger due to criminal history, substance abuse history and the nature and circumstances of the instant offense.

4.      Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1)     Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of March, 2011.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER                                                                PAGE 3